# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| PHILIP ANDREWS,<br><br>  Plaintiff,<br><br>v.<br><br>NEW MARKET REALTY LLC, and<br>DANIEL NIEDING,<br><br>  Defendants. | Civil Action No.: 3:21-cv-00381<br><br>COMPLAINT AND JURY<br>DEMAND |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, PHILIP ANDREWS ("Andrews" or "Plaintiff"), brings this complaint in the United States District Court for the Eastern District of Virginia against NEW MARKET REALTY LLC ("New Market"), and DANIEL NIEDING ("Nieding") (Together "Defendants"), alleging as follows:

## PARTIES

1. Plaintiff is an experienced commercial photographer specializing in wedding, maternity, lifestyle, and real estate photography. Plaintiff resides in Richmond, Virginia.

2. On information and belief, New Market is a Limited Liability Company existing under the laws of the Commonwealth of Virginia, with headquarters in Richmond, Virginia. New Market is a real estate agency. New Market owns, operates, and is solely responsible for the contents of its commercial website, www.newmarketrealtyva.com.

3. On information and belief, Nieding is an individual and owner of New Market. Nieding resides in Henrico, Virginia.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

5. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

6. This Court has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

7. Defendants are subject to personal jurisdiction in Virginia.

8. This Court also has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. Plaintiff captured the photographs, "20210325-5231 Windsor Rd Brackets_64.jpg," "20210325-5231 Windsor Rd Brackets_70.jpg," "20210325-5231 Windsor Rd Brackets_80.jpg," "20210325-5231 Windsor Rd Brackets_85.jpg," "20210325-5231 Windsor Rd Brackets_208.jpg," "20210325-5231 Windsor Rd Brackets_243.jpg," "20210325-5231 Windsor Rd Brackets_249.jpg," and "20210325-5231 Windsor Rd Brackets_253.jpg," ("Copyrighted Photographs") on March 25, 2021 in Sandston, Virginia. [Exhibits 1-8].

10. Plaintiff captured Copyrighted Photographs at the direction of Nieding ("Shoot") for use in an online listing of the following real property: 5231 Windsor Road, Sandston, Virginia 23150 ("Property").

11. Plaintiff was hired by Defendants to capture images of Property based on the understanding Defendants would pay Plaintiff a flat creative fee plus license fee(s) based on immediate and potential future use(s) of Copyrighted Photographs by Defendants.

12. Plaintiff and Defendant agreed prior to Shoot that Plaintiff would retain sole ownership of any images captured as a result of Shoot, including sole physical ownership of the original image digital files as well as sole copyright in the captured images.

13. On March 26, 2021, Plaintiff delivered all images captured during the shoot of Property, including Copyrighted Photographs, to Nieding for Nieding's review and potential licensed use.

14. On March 28, 2021, Nieding contacted Plaintiff by telephone and stated to Plaintiff that all images captured during the shoot of Property, including Copyrighted Photographs, were "unusable."

15. On March 28, 2021, following the telephone call detailed above, Nieding texted Plaintiff: "I'd like you to return my money please." [Exhibit 9].

16. On March 28, 2021, Plaintiff responded to Nieding: "Dan, I was hired to take photos, those photos have been taken and delivered to you. I cannot refund you once delivery has been made. As I cannot guarantee that they will not be used. From our discussion the angles that were missed were not explicitly discussed with me prior to the start of the job. I produced the photos under my normal process. If need be, I would be more than happy to go take additional photos but there will be an additional revisit fee of $25.00. Just so you are aware if you choose to go shoot them yourself they would not move the mothers (sic) car out of the driveway. I had to edit that out on the photos I took and made sure to take them at an angle

that made that possible. I am sorry this relationship has not worked out. I wish you the best moving forward." [Exhibit 9].

17. On March 28, 2021, Nieding responded to Plaintiff: "Expect arbitration from VISA." [Exhibit 10].

18. On Mach 28, 2021, Plaintiff responded to Nieding: "Dan I've thought about this and I'll go ahead and refund. I ask that you do not use these photos for the listing." [Exhibit 10].

19. On March 28, 2021, Nieding responded to Plaintiff: "I won't because they are mostly unsuitable." [Exhibit 10].

20. On March 28, 2021, Plaintiff refunded Defendants the fee paid to him by Defendants for capturing images of Property, including Copyrighted Photographs.

21. On March 30, 2021, Defendants posted Copyrighted Photographs to the following URL:
    - www.longandfoster.com/homes-for-sale/5231-Windsor-Road-Sandston-VA-23150-313132092 (Last visited March 30, 2021). [Exhibit 11].

22. On March 30, 2021, Defendants posted Copyrighted Photographs to the following URL:
    - www.realtor.com/realestateandhomes-detail/M6552369671 (Last visited March 30, 2021). [Exhibit 12].

23. Prior to March 30, 2021, Defendants explicitly understood and acknowledged Plaintiff was the sole copyright holder of Copyrighted Photographs.

24. Prior to March 30, 2021, Defendants explicitly understood and acknowledged Defendants were not permitted to copy, post, or otherwise exploit Copyrighted Photographs without proper license or permission from Plaintiff.

25. Defendants used Copyrighted Photographs as nearly full-page images to illustrate Defendant's real estate listing for the following address: 5231 Windsor Road, Sandston, Virginia 23150. [Exhibits 11-12].

26. Defendants copied and posted Copyrighted Photographs without license or permission from Plaintiff.

27. Plaintiff registered Copyrighted Photographs with the United States Copyright Office on May 11, 2021 (Registration No.: VA 2-250-917). [Exhibit 13].

28. Plaintiff registered Copyrighted Photographs and is therefore eligible for statutory damages under 17 U.S.C. § 504.

## COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

29. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

30. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Copyrighted Photographs, which is the subject of a valid and complete Certificate of Copyright Registration by the Register of Copyrights.

31. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute Copyrighted Photographs to the public.

32. Plaintiff is informed and believes Defendants, without the permission or consent of Plaintiff, copied and used Copyrighted Photographs on the commercial websites, www.longandfoster.com, and www.realtor.com. In doing so, Defendants violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

33. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

34. Upon information and belief, Nieding is the dominant influence in Market Realty, and determined and/or directed the policies that led to the infringements complained of herein. Accordingly, Nieding is jointly and severally liable for direct copyright infringement. *See Broad. Music, Inc. v. It's Amore Corp.*, No. 3:08CV570, 2009 WL 1886038 (M.D. Pa. June 30, 2009), citing *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 634 (D.N.H.1984). Upon further information and belief, Nieding maintained the right and ability to control the infringing activities of Market Realty, and had a direct financial interest in those activities by virtue of his ownership in the company and the profits derived from the direct sale of Market Realty's products and services. Accordingly, Nieding is vicariously liable for copyright infringement. *See, e.g., Broad. Music, Inc. v. Tex Border Mgmt.*, 11 F. Supp. 3d 689, 693-94 (N.D. Tex. 2014).

35. As a result of Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to statutory damages, including any profits realized by Defendants attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendants' infringement of Copyrighted Photographs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and

all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted Photographs without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C. Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyright or such damages as are proper, and since Defendant intentionally infringed Plaintiff's copyright, for the maximum allowable statutory damages for each violation;

D. Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

E. Awarding Plaintiff his costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F. Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: June 12, 2021    _/s/__*David C. Deal*_____
  David C. Deal (VA Bar No.: 86005)
  The Law Office of David C. Deal, P.L.C.
  P.O. Box 1042
  Crozet, VA 22932
  434-233-2727, Telephone
  david@daviddeal.com
  *Counsel for Plaintiff*